■ Anthony Costa et al., Appellants, v Mt. Hope Asphalt Corp. et al., Defendants, and Express Electric Company, Inc., et al., Respondents. (And a Third-Party Action.) [810 NYS2d 445]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about January 9, 2004, which, insofar as appealed from, dismissed plaintiff's Labor Law § 240 (1) and § 241 claims against all defendants, granted the motion of defendants electrical contractor and its principal to dismiss the Labor Law § 200 and common-law negligence claims as against them, and denied plaintiff's motion for summary judgment against the building owners on the issue of liability under Labor Law § 200 and common-law negligence, unanimously modified, on the law, solely to the extent of reinstating plaintiff's common-law negligence claim against the electric contractor and its principal, and otherwise affirmed, without costs.

On the day of the accident, plaintiff was in charge of firing up the burner of his employer's paving plant. When the burner would not ignite, defendant Charles Luccarelli, the principal of Express Electric, who had originally installed the burner and had an ongoing relationship with its repair, was summoned to ascertain and fix the problem. Luccarelli, who went to the control room while plaintiff returned to the burner, allegedly told plaintiff to move away from the burner before he attempted to ignite it by remote switch, but plaintiff did not leave the platform soon enough. The force of the ignition, successfully made after the third or fourth attempt, threw plaintiff back, causing his right foot to be caught in the gap between the platform and the top of the short flight of steps leading up to it.

The motion court correctly dismissed plaintiff's claims under Labor Law § 240 (1) because his injuries did not result from a height-related risk (*see Ross v Curtis-Palmer Hydro-Elec. Co.,*

81 NY2d 494, 501 [1993]), and under Labor Law § 241 because he was not engaged in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure. However, plaintiff's common-law negligence claim against the electric contractor and its principal Charles J. Luccarelli should not have been dismissed at this juncture. Triable issues of fact are raised by plaintiff's deposition testimony as to (1) whether Luccarelli knew or should have known that the buildup of gas resulting from the prior, unsuccessful attempts to ignite the burner could cause the burner to ultimately ignite with such force as to be characterized as an explosion, and (2) whether, despite Luccarelli's warning that plaintiff stand back, his failure to see that plaintiff was safely out of harm's way before igniting the burner via remote control was negligent. In concluding that Luccarelli did not supervise or exercise control over plaintiff's activities, the motion court failed to consider his warning and apparent lack of independent recollection of both the work he performed and his interaction with plaintiff. In addition, even if Luccarelli were not aware of the gap in the floor, the evidence suggests that the force of the explosion that caused plaintiff to be thrown back could have been a substantial factor in bringing about plaintiff's injury (see *Ohdan v City of New York*, 268 AD2d 86, 89 [2000]).

Issues of fact also exist as to whether the owners exercised such supervisory authority and/or had such notice, and accordingly, plaintiffs' motion for summary judgment as against them was properly denied. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.